# Exhibit A

**DECLARATION OF JONATHAN COHEN**
**Pursuant to 28 U.S.C. § 1746**

I am a United States citizen over the age of 18. I am an attorney and Acting Deputy Director for the Bureau of Consumer Protection at the Federal Trade Commission (the "FTC"). I am an attorney of record in *Federal Trade Commission et al. v. World Professional Association for Transgender Health, Inc. et al.*, Case No. 26-cv-748-O, currently pending in the United States District Court for the Northern District of Texas. I have personal knowledge of the facts stated below and am competent to testify about them:

1. On September 17, 2026, the FTC served a subpoena upon Mount Sinai Hospitals Group, Inc. ("Sinai") pursuant to Federal Rules of Civil Procedure 45. Attached to this Declaration as Attachment 1 is a true and correct copy of the subpoena to Sinai.
2. Attached to this Declaration as Attachment 2 is a true and correct copy of proof of service of the Subpoena upon Sinai.
3. The FTC and Sinai conferred regarding the subpoena on September 18, 2026, September 24, 2026. Attached to this Declaration as Attachment 3 is a true and correct copy of e-mails between the FTC and Sinai memorializing discussions and agreements and discussing further developments.
4. Sinai did not serve objections to the Subpoena.
5. On October 2, 2026, the FTC and Sinai conferred a third time. In-house counsel for Sinai stated that it could not comply with the agreed-to production schedule because the New York Attorney General's Office informed Sinai that the State's "Shield Law" applied to the Subpoena and prevented Sinai from producing any documents to the FTC absent satisfaction of conditions including at least: (i) a 30-day waiting period commencing from the date that the Attorney General received notice of the Subpoena, and (ii) Sinai's receipt of a sworn affirmation from the FTC disclaiming certain uses of the information that Sinai produced. Sinai also stated that but for the Attorney's General's directive against Sinai's complying with the Subpoena based on the State's "Shield Law," it was prepared to produce documents to the FTC that same day, consistent with the parties' agreement, and that it was continuing to look for and collect additional responsive documents to produce to the Commission.

6. Sinai did not, and has not, produced any records pursuant to the Subpoena.
7. The FTC emailed counsel for the New York Attorney General ("NYAG") on October 2, 2026, and October 5, 2026, requesting to speak regarding the Subpoena. Counsel for the New York Attorney General responded on October 8, 2026.
8. On October 13, 2026, the FTC and the NYAG conferred for nearly an hour. Both sides exchanged positions cordially and professionally. During the meeting, the NYAG confirmed that it had contacted Sinai and "remind[ed] them of their obligations" under the "Shield Law."
9. On October 16, 2026, the FTC and the NYAG again conferred for approximately 30 minutes, continuing their cordial and professional exchange. At this time, the NYAG responded to the FTC's argument regarding the preemptive effect of the Rules Enabling Act. The NYAG stated it understood REA's that language preempting conflicting laws applies only to conflicting federal laws. The NYAG also noted that Rule 45(d)(3)(A)(i) requires that subpoenas permit a "reasonable" time to comply, and whether a thirty-day across-the-board minimum requirement for subpoenas like the one at issue is the minimum that could be "reasonable" is "in the eye of the beholder."

I state under penalty of perjury that the foregoing is true and correct. Executed on this day of October 27, 2026, in Washington, D.C.

/s/ Jonathan Cohen

Jonathan Cohen

# Exhibit A
# Attachment 1

UNITED STATES OF AMERICA
Federal Trade Commission
WASHINGTON, D.C. 20580

Bureau of Consumer Protection

September 16, 2026

***VIA PRIVATE PROCESS SERVER***

Mount Sinai Hospitals Group, Inc.
1 Gustave L. Levy Place
New York, NY 10029
(212) 241-6500

RE: *FTC v. World Professional Association for Transgender Health, Inc.*
No. 26-cv-748 (N.D. Tex.); Subpoena to Mount Sinai Hospitals Group, Inc.

To Whom It May Concern:

Please find enclosed a subpoena to Mount Sinai Hospitals Group, Inc. issued in the above-captioned matter. Mount Sinai Hospitals Group, Inc. is not a target of an FTC investigation, and we have made every effort to keep this subpoena as narrow as the practicalities of the pending matter allow. Among other noteworthy features, the subpoena does not request the name or identifying information of any patient, any otherwise privileged doctor-patient communications, or any Protected Health Information, as defined in the attached schedule.

We would appreciate the opportunity to confer with you regarding this subpoena generally, including a potentially extended return date, and other accommodations we can make to facilitate your response. We are available to speak next week during the following dates and times:

- 9/22 9 AM ET-10:15 AM ET, 1-2 PM ET;
- 9/23 9:30 AM ET-12 PM ET, 2 PM ET-5 PM ET;
- 9/24 9:30 AM ET-11 AM ET, 3-4 PM ET; or
- 9/25 2 PM-5 PM ET.

We look forward to hearing from you.

Very truly yours,

*/s/ Hans Clausen*
Hans Clausen
Attorney
Federal Trade Commission
(404) 656-1361
hclausen@ftc.gov

Encl.

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| FEDERAL TRADE COMMISSION et al.<br>*Plaintiff*<br>v.<br>WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC. et al.<br>*Defendant* | Civil Action No. 4:26-cv-00748-O |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: MOUNT SINAI HOSPITALS GROUP, INC., 1 Gustave L. Levy Place, New York, NY 10029 (212) 241-6500

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: SEE ATTACHED SCHEDULE A.

| Place: | Date and Time: |
|---|---|
| Federal Trade Commission, 1 Bowling Green #318, New York, NY 10004 | 10/08/2026 8:30 am |

The deposition will be recorded by this method: Stenographic transcription and audiovisual recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED SCHEDULE B.
RETURN DATE: 09/26/2026

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/16/2026

*CLERK OF COURT*

OR

/s/ Hans Clausen

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Federal Trade Commission, who issues or requests this subpoena, are:

Hans Clausen, 600 Pennsylvania Avenue, NW, Washington, DC 20580, hclausen@ftc.gov, (404) 656-1361

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:26-cv-00748-O

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* MOUNT SINAI HOSPITALS GROUP, INC.
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________

______________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________
*Server's signature*

______________
*Printed name and title*

______________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULES TO SUBPOENA ISSUED TO MOUNT SINAI HOSPITALS GROUP, INC.

Pursuant to Federal Rules of Civil Procedure 45, Plaintiffs Federal Trade Commission and the States of Alaska, Iowa, Nebraska, and Texas incorporate these Schedules as part of their subpoena. The following limitations, specifications, definitions, and instructions apply.

### LIMITATIONS

(1) Notwithstanding anything else herein, no part of this subpoena seeks Protected Health Information. Plaintiffs do not seek to learn the identity of any patient your clinic treated. You should redact any information that would disclose the identity of any patient, or that would otherwise disclose any other Protected Health Information.

(2) Notwithstanding anything else herein, no part of this subpoena seeks information covered by the attorney-client privilege, work product doctrine, or doctor-patient privilege. You should not produce such material, nor does this subpoena require you to log it.

### SCHEDULE A—TESTIMONY

Pursuant to Rule 30(b)(6), You must be prepared to testify about all information known or reasonably available to You regarding these topics:

(1) Your use of information published, promoted, or otherwise provided by WPATH.

(2) Your communications with WPATH, including WPATH trainings and seminars.

(3) Insurance reimbursement for Pediatric Medical Transition Services.

(4) Any Document produced to Plaintiffs or used to prepare for Your testimony pursuant to this subpoena.

### SCHEDULE B—DOCUMENT REQUESTS

(1) All Documents referring to WPATH or SOC-8, and either (a) provided to Pediatric Patients, or (b) reflecting communications with Pediatric Patients.

(2) All Documents reflecting or constituting guidelines, policies, standards, and training manuals concerning Pediatric Medical Transition Services, including insurance reimbursement for Pediatric Medical Transition Services.

(3) All Documents reflecting or constituting communications with WPATH, about WPATH, or about SOC-8, including trainings and seminars.

(4) Notwithstanding the date of such Documents, Documents sufficient to show Your contribution, if any, to SOC-8's content.

(5) Documents reflecting or constituting Complaints from any Pediatric Patient regarding Pediatric Medical Transition Services.

(6) All Documents used to prepare for Your testimony pursuant to this subpoena.

## DEFINITIONS

A. “**And**,” as well as “**or**,” shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification all information that otherwise might be construed to be outside the scope of the specification.

B. “**Any**” shall be construed to include “**all**,” and “**all**” shall be construed to include the word “**any**.”

C. “**Complaints**” means any expression of dissatisfaction, including both informal communications, regulatory inquiries, demand letters, and lawsuits.

D. **“Document**” shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book or label. “Document” also includes Electronically Stored Information.

E. “**Electronically Stored Information**” or “**ESI**” shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any information created, manipulated, communicated, stored, or utilized in digital form, requiring the use of computer hardware or software. This includes, but is not limited to, electronic mail, instant messaging (including WhatsApp), chat services or other services that include chat features (such as Slack and Teams), videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media. “ESI” also includes such technical assistance or instructions as will enable us to convert ESI into a reasonably usable form.

F. “**Include**” and “**including**” mean “without limitation,” or “including but not limited to,” to avoid excluding any documents or information that might otherwise fall within the scope of any specification.

G. “**Referring To,**” “**Relating To**,” or “**Related To**” shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, concerning, or pertaining to, in whole or in part.

H. “**Pediatric Patients**” means anyone seeking Pediatric Medical Transition Services from You who was under age 18 at any point during Your relationship with that person, as well as the parents or legal guardians any such person.

I. **“Pediatric Medical Transition Services”** means any medical intervention that purports to treat minors for distress or discomfort related to their sex traits or professed “gender,” or feelings of “gender incongruence” or “gender dysphoria,” including but not limited to pubertal suppression, hormone therapy, and surgery (e.g., subcutaneous mastectomy, vaginoplasty, metoidioplasty, facial feminization, and phalloplasty).

J. “**Protected Health Information**” means the same as defined in the Health Insurance Portability and Accountability Act (“HIPPA”), 45 CFR Parts 160, 162 & 164, at 45 CFR § 160.103. This includes individually identifiable health information such as (1) demographic data collected from an individual; (2) the past, present, or future physical or mental health or condition of an individual; (3) the provision of health care to an individual; (4) the past, present, or future payment for the provision of health care to an individual; or (5) that which provides a reasonable basis to believe the information could be used to identify the individual. Health data that has been de-identified according to HIPPA, 45 CFR § 164.514, is not included in this definition

K. “**SOC-8**” means the 2022 publication entitled “Standards of Care for the Health of Transgender and Gender Diverse People, Version 8.”

L. “**WPATH**” means the World Professional Association for Transgender Health, Inc.; the United States Professional Association for Transgender Health; and Veritas Association Management, Inc.

M. “**You**” and “**Your**” means Mount Sinai Hospitals Group, Inc., its affiliates and subsidiaries, and the agents and representatives of any of the forgoing, including any clinicians employed by, or compensated for work performed through, any of the foregoing.

**INSTRUCTIONS**

A. **Scope of Search**. This subpoena covers documents and information in your possession or under your actual or constructive custody or control including, but not limited to, documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, partners, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person or entity.

B. **Time Period**. Unless otherwise specified, this subpoena covers Documents created on or after January 1, 2022.

C. **Document Production**. You shall produce the documentary material at the place of production identified. Alternatively, you may send all responsive documents to Federal Trade Commission, 600 Pennsylvania Ave., NW, Washington, DC 20580. Because postal delivery to the Commission is subject to delay due to heightened security precautions, please use a courier service such as Federal Express or UPS. Notice of your intended method of production shall be given by email or telephone to Investigator Jonathan Bugbee (JBugbee@ftc.gov)/(202) 326-2387) at least five days prior to the return date. Please mark the exterior of all packages containing electronic media sent through the U.S. Postal Service or other delivery services as follows:

**MAGNETIC MEDIA – DO NOT X-RAY**
**MAY BE OPENED FOR POSTAL INSPECTION.**

D. **Documents Responsive to Multiple Specifications**. Documents responsive to more than one specification need not be submitted more than once; however, your response should indicate, for each document submitted, each specification to which the document is responsive. If any documents responsive to this subpoena have been previously supplied to the Commission, you may comply with this subpoena by identifying the document(s) previously provided and the submission date. Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such documents came. In addition, number by page (or file, for those documents produced in native electronic format) all

documents you produce with a unique Bates identifier, and indicate the total number of documents in your production.

E. **Production of Copies**. Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of originals, provided that the originals are retained in their state at the time of receipt of this subpoena. Further, copies may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that producing a copy waives any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or court; and provided further that you must retain the originals and produce them upon request.

F. **Documents With Responsive Portions**. A complete copy of each document should be submitted even if only a portion of the document is within the terms of the request. The document shall not be edited, cut, or expunged in any way and shall include all covering letters and memoranda, transmittal slips, appendices, tables or other attachments.

G. **Copies and Drafts**. Each request includes all copies of the responsive document and, to the extent applicable, preliminary drafts or documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not the original or other copies thereof).

H. **Lost or Destroyed Documents**. If any document this subpoena covers was in your possession or actual or constructive custody or control and has been lost or destroyed, the document is to be identified in writing as follows: addressee, person who prepared or authored the document, date of preparation or transmittal, substance of the document and its subject matter, number of pages, attachments, or appendices, all persons to whom distributed, shown or explained, date of loss or destruction, and, if destroyed, the manner of destruction, the reason for destruction, the persons authorizing destruction, and the persons who destroyed the document.

I. **Objections.** If you object to any request, all documents covered by the request not subject to the objection still must be produced. Similarly, if an objection is made to production of a document, the portion of that document not subject to objection should be produced with the portion objected to redacted and clearly indicated as redacted. All objections to these requests or to any individual request must be raised in the initial response or are waived.

J. **Certification of Records of Regularly Conducted Activity**. Attached is a Certification of Records of Regularly Conducted Activity, which may reduce the need to subpoena you to testify to establish the admissibility of documents produced in response to this subpoena. Please execute this Certification and provide it with your response.

**CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY**
**Pursuant to 28 U.S.C. § 1746**

1. I, ____________________________, have personal knowledge of the facts set forth below and am competent to testify as follows:

2. I have authority to certify the authenticity of the records produced by ________________________________________ (the "Organization") and attached hereto.

3. The documents produced and attached hereto by the Organization are originals or true copies of records of regularly conducted activity that:

   a) Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

   b) Were kept in the course of the regularly conducted activity of the Organization; and

   c) Were made by the regularly conducted activity as a regular practice of the Organization.

I certify under penalty of perjury that the foregoing is true and correct.

Date: ____________________________ ________________________________
Signature

# Exhibit A

# Attachment 2

Civil Action No. **4:26-cv-00748-O**

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for **Mount Sinai Hospitals Group Inc**
on **9/16/2026:**

[X] I served the subpoena by delivering a copy to the named person as follows: **Christine G(office assistant)**, who is designated by law to accept service of process on behalf of **Mount Sinai Hospitals Group Inc** at **1 Gustave L Levy Pl, New York, NY 10029** on **09/17/2026 at 8:58 AM**

**I delivered the documents, LETTER; SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION, to Christine G(office assistant) who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 35-45 years of age, 5'4"-5'6" tall and weighing 160-180 lbs with glasses.**; or

[ ] I returned the summons unexecuted because

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

**$ 0.00**

I declare under penalty of perjury that this information is true.

Date: 09/17/2026

*Server's signature*

**Islam G Alaaeldin**

*Printed name and title*

**1956 64th st**
**2f**
**brooklyn, NY 11204**

*Server's address*

Additional information regarding attempted service, etc:

# Exhibit A
# Attachment 3

**From:** Clausen, Hans
**To:** Strauss, Sally
**Cc:** Wong, Marco; Cohen, Jonathan; Chiang, Annie; Vaughan, Ross (Cooper); Trujillo, Lauren
**Subject:** Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")
**Date:** Thursday, October 1, 2026 7:14:20 PM

Thank you, Sally. That person can contact me.

Get Outlook for iOS

---

**From:** Strauss, Sally [redacted]
**Sent:** Thursday, 01 October 2026 18:32:43
**To:** Clausen, Hans <hclausen@ftc.gov>
**Cc:** Wong, Marco [redacted] Jonathan <jcohen2@ftc.gov>; Chiang, Annie <achiang@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
**Subject:** Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

Some people who received this message don't often get email from [redacted] Learn why this is important

Thanks Hans,

We are just confirming with them if they want to use a point person for follow up with you. And also, would you like us to identify a single person for them to follow up with?

Sally
Sent from my iPad

On Oct 1, 2026, at 5:05 PM, Clausen, Hans <hclausen@ftc.gov> wrote:

**Marco & Sally: If it's possible, it would be very helpful for us to know the name and contact information of the NYAG folks who communicated with Mt. Sinai about the FTC subpoena before our next call. If you can please relay that information to us, we'd greatly appreciate it. Thanks and have a great evening.**

**Hans Clausen**
**Attorney | Federal Trade Commission | Bureau of Consumer Protection**
404-656-1361 (Direct)
202-250-0763 (Work cell)

---

**From:** Wong, Marco [redacted]
**Sent:** Wednesday, September 30, 2026 5:57 PM
**To:** Clausen, Hans <hclausen@ftc.gov>; Strauss, Sally [redacted]
**Cc:** Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
**Subject:** Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to

Mt. Sinai Hospitals Group, Inc. (“Mt. Sinai”)

> Some people who received this message don't often get email from [redacted] Learn why this is important

Hi Hans:

The NYAG's office reached out to us out of the blue and asked us whether we have received a subpoena from the FTC in the above-captioned matter. The office's position is that New York State's Shield Law applies to the FTC subpoena on Mount Sinai and prohibits Mount Sinai from providing any information in response to the subpoena until a minimum of thirty days has passed since such person or entity notified the NYAG of such subpoena (i.e., October 29, 2026). Despite Sally's and my efforts to explain to the office that we are only producing a subset of documents which have been previously produced to the DOJ, which do not implicate patient records, NYAG stood firm in its position and interpretation of the Shield Law.

We are happy to discuss further tomorrow. I had suggested morning; does that time not work? In the afternoon, we could do after 5:30 p.m. ET.

Thanks,
Marco

Marco Y. Wong
Assistant General Counsel
Mount Sinai Health System
150 East 42nd Street, 2nd Floor
New York, New York 10017
[redacted]

---

**From:** Clausen, Hans <hclausen@ftc.gov>
**Sent:** Wednesday, September 30, 2026 5:26 PM
**To:** Wong, Marco [redacted] Strauss, Sally [redacted]
**Cc:** Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
**Subject:** RE: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. (“Mt. Sinai”)

**Hi, Marco: I circulated a calendar invitation for tomorrow at 3:45-4:15 PM. Before then, can you give us brief preview of tomorrow’s conversion and how the NY AG’s office is involved? Thanks**

**Hans Clausen**
**Attorney | Federal Trade Commission | Bureau of Consumer Protection**
404-656-1361 (Direct)
202-250-0763 (Work cell)

---

**From:** Wong, Marco [redacted]
**Sent:** Wednesday, September 30, 2026 4:02 PM

**To:** Clausen, Hans <hclausen@ftc.gov>; Strauss, Sally [redacted]
**Cc:** Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
**Subject:** Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

Hi Hans:

We just got off a phone call with the New York Attorney General's office, and are wondering if you and your team would have availability sooner than Friday afternoon to meet. Sally and I can clear our schedules tomorrow morning other than 11-11:30.

Is there a time that would work for you all? Otherwise, we can just meet at our scheduled time on 10/2 at 3 p.m.

Thanks,
Marco

Marco Y. Wong
Assistant General Counsel
Mount Sinai Health System
150 East 42nd Street, 2nd Floor
New York, New York 10017
[redacted]

---

**From:** Clausen, Hans <hclausen@ftc.gov>
**Sent:** Monday, September 28, 2026 12:08 PM
**To:** Wong, Marco [redacted] Strauss, Sally [redacted]
**Cc:** Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>; Clausen, Hans <hclausen@ftc.gov>
**Subject:** RE: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

Thanks, Marco. We're fine with your addition highlighted below. I canceled the 9/30 meet and confer and sent you and Sally a new calendar appointment to meet and confer again on 10/2 at 3PM. We look forward to speaking with you again then.

**Hans Clausen**
**Attorney | Federal Trade Commission | Bureau of Consumer Protection**
404-656-1361 (Direct)
202-250-0763 (Work cell)

---

**From:** Wong, Marco [redacted]
**Sent:** Monday, September 28, 2026 8:40 AM
**To:** Clausen, Hans <hclausen@ftc.gov>; Strauss, Sally [redacted]
**Cc:** Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper)

<rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
**Subject:** Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

Hi Hans:

I made one minor revision below in bold / yellow highlighting, just to align with Item 7; that way, it is clear that Mount Sinai has up until the date of the corporate representative deposition to produce documents used to prepare for the witness' testimony.

Thanks and have a good week all,
Marco

Marco Y. Wong
Assistant General Counsel
Mount Sinai Health System
150 East 42nd Street, 2nd Floor
New York, New York 10017
[redacted]

---

**From:** Clausen, Hans <hclausen@ftc.gov>
**Sent:** Friday, September 25, 2026 3:24 PM
**To:** Wong, Marco [redacted] Strauss, Sally [redacted]
**Cc:** Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>; Clausen, Hans <hclausen@ftc.gov>
**Subject:** RE: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

Sally & Marco:

Thank you for conferring with us again yesterday about the FTC's above-referenced subpoena to Mt. Sinai for testimony and the production of documents. Per yesterday's discussion, we have agreed to the following modified schedule for Mt. Sinai's compliance. Assuming you concur, we agree that there's no need for a call next week.

1. On or before **Friday, October 2, 2026**, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 2 on Exhibit B of the subpoena ("(2) All Documents reflecting or constituting guidelines, policies, standards, and training manuals concerning Pediatric Medical Transition Services, including insurance reimbursement for Pediatric Medical Transition Services").

2. With regard to Request No. 1 on Exhibit B of the subpoena ("(1) All Documents referring to WPATH or SOC-8, and either (a) provided to Pediatric Patients, or (b) reflecting communications with Pediatric Patients"), the FTC and Mt. Sinai have not agreed yet concerning what material will be produced in response to this request, and the parties reserve their rights. However, to move things toward a resolution, the parties have agreed as follows:

    i. On or before **Friday, October 2, 2026**, Mt. Sinai will inform the FTC of the

current version of the EPIC health records management system it uses and other information about that EPIC health records management system sufficient to enable the FTC to verify Mt. Sinai's claims concerning that system's capabilities;

ii. On or before **Friday, October 2, 2026,** Mt. Sinai will meet and confer further about the production of a sample of patient records. Mt. Sinai will also explain whether searches can be completed in EPIC across a single patient's complete medical file.

3. On or before **Friday, October 16, 2026,** Mt. Sinai agrees to provide a good faith, partial but substantial production of documents responsive to Request No. 3 on Exhibit B of the subpoena ("(3) All Documents reflecting or constituting communications with WPATH, about WPATH, or about SOC-8, including trainings and seminars"). Assuming that Mt. Sinai does so, the FTC will not unreasonably withhold further interim extensions provided that Mt. Sinai agrees to fully complete the production in response to this request within a reasonable time acceptable to the FTC.

4. On or before **Friday, October 16, 2026**, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 5 on Exhibit B of the subpoena ("(5) Documents reflecting or constituting Complaints from any Pediatric Patient regarding Pediatric Medical Transition Services").

5. On or before **Friday, October 30, 2026**, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 4 on Exhibit B of the subpoena ("(4) Notwithstanding the date of such Documents, Documents sufficient to show Your contribution, if any, to SOC-8's content").

6. On or before **Monday, November 9, 2026, by 5pm ET**, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 6 on Exhibit B of the subpoena ("(6) All Documents used to prepare for Your testimony pursuant to this subpoena"), **but this date is subject to modification upon further good-faith discussion and mutual agreement.**

7. On **Tuesday, November 10, 2026, at 8:30am**, Mt. Sinai's corporate representative will appear (subject to confirmation of the representative's schedule) for testimony at the office of the Federal Trade Commission, 1 Bowling Green #318, New York, NY 10004, but this date is subject to modification upon further good-faith discussion and mutual agreement.

Again, if you could confirm this today, we agree that there's no need for a further call next week.

Thanks

**Hans Clausen**
**Attorney | Federal Trade Commission | Bureau of Consumer Protection**
404-656-1361 (Direct)
202-250-0763 (Work cell)

---

**From:** Wong, Marco [redacted]
**Sent:** Friday, September 25, 2026 11:54 AM
**To:** Clausen, Hans <hclausen@ftc.gov>; Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan

<jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
**Cc:** Strauss, Sally [redacted]
**Subject:** Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

All:

Nice to meet everyone yesterday. In light of our conversation yesterday, I think we at Mount Sinai have our marching orders and do not need another call next Wednesday. Do you agree?

Thanks and have a good weekend,
Marco

Marco Y. Wong
Assistant General Counsel
Mount Sinai Health System
150 East 42nd Street, 2nd Floor
New York, New York 10017
[redacted]

**From:** "Clausen, Hans" <hclausen@ftc.gov>
**Date:** September 21, 2026 at 7:29:16 PM GMT+3
**To:** "Wong, Marco" [redacted]
**Cc:** "Chiang, Annie" <achiang@ftc.gov>, "Cohen, Jonathan" <jcohen2@ftc.gov>, "Vaughan, Ross (Cooper)" <rvaughan@ftc.gov>, "Trujillo, Lauren" <ltrujillo@ftc.gov>, "Strauss, Sally" [redacted]
**Subject: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")**

Hi, Marco: We'd like to meet with you later this week to discuss Mt. Sinai's progress in gathering documents responsive to the FTC's subpoena. If this day and time doesn't work for you, please propose another this week.

Also, because Sally did not agree to our proposed modified production schedule, the original return date remains in effect—but we will, as a courtesy to Mt. Sinai, extend the return date to October 1, 2026, on the understanding that the FTC and Mt. Sinai will reach agreement during our call scheduled for September 30, after Sally's return.
Thanks HC

---

Microsoft Teams meeting
Join: https://teams.microsoft.com/meet/264083125500715?p=kyF9nSHxaus9wS8Wwr<https://urldefense.proofpoint.com/v2/url?u=https-3A__teams.microsoft.com_meet_264083125500715-3Fp-3DkyF9nSHxaus9wS8Wwr&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYlkY08CzRlyI3eLu-DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-

&s=W5uAaimZIhB5iLhQLDwERBNzx-3Q--CbMVCcINCvVqw&e=>
Meeting ID: 264 083 125 500 715
Passcode: [redacted]

---

Need help?<https://urldefense.proofpoint.com/v2/url?u=https-3A__aka.ms_JoinTeamsMeeting-3Fomkt-3Den-2DUS&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYIkY08CzRlyI3eLu-DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-&s=mMDwcq7-SdTMlk48AEos569IgcP9y5a_3nuD_jCbyYs&e=> | System reference<https://urldefense.proofpoint.com/v2/url?u=https-3A__teams.microsoft.com_l_meetup-2Djoin_19-253ameeting-5FZDdhOTlkOWQtMzBjNS00MjkwLTk0MmQtODE2NTEzZGRjMTBi-2540thread.v2_0-3Fcontext-3D-257b-2522Tid-2522-253a-25227302cabc-2D5af5-2D469b-2Daf17-2D700007935a01-2522-252c-2522Oid-2522-253a-25225171bc02-2D83e2-2D478a-2D93c7-2D2f7f2ddc19fb-2522-257d&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYIkY08CzRlyI3eLu-DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-&s=95-_UdocvFelY1uotOyjv95XBY-4UHOmTr6DEpv0dVo&e=>
Dial in by phone
+1 202-393-2073,,421957684#<tel:+12023932073,,421957684> United States, Washington
Find a local number<https://urldefense.proofpoint.com/v2/url?u=https-3A__dialin.teams.cloud.microsoft_5fa92c16-2D3c2c-2D4227-2Db79e-2Db705b0488325-3Fid-3D421957684&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYIkY08CzRlyI3eLu-DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-&s=XRXhKSMpG68gd3z-Uqg0s1WnA6ik4iorKlm_TNBFSQc&e=>
Phone conference ID: 421 957 684#
For organizers: Meeting options<https://urldefense.proofpoint.com/v2/url?u=https-3A__teams.microsoft.com_meetingOptions_-3ForganizerId-3D5171bc02-2D83e2-2D478a-2D93c7-2D2f7f2ddc19fb-26tenantId-3D7302cabc-2D5af5-2D469b-2Daf17-2D700007935a01-26threadId-3D19-5Fmeeting-5FZDdhOTlkOWQtMzBjNS00MjkwLTk0MmQtODE2NTEzZGRjMTBi-40thread.v2-26messageId-3D0-26language-3Den-2DUS&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYIkY08CzRlyI3eLu-DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-&s=G8TUK_NsC8jmZVPoli2KLxKTmdW0Ha1gfT6g1rPMZqw&e=> | Reset dial-in PIN<https://urldefense.proofpoint.com/v2/url?u=https-3A__dialin.teams.cloud.microsoft_usp_pstnconferencing&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYIkY08CzRlyI3eLu-

DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-
aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-
&s=GNDiMsVgf1BhQJh11rv8AIo9CGnPY8o5W40p0gszX0A&e=>

---

---

From: Strauss, Sally [redacted]
Sent: Saturday, September 19, 2026 12:32 AM
To: Clausen, Hans <hclausen@ftc.gov>
Cc: Wong, Marco [redacted] Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
Subject: Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

You don't often get email from [redacted]. Learn why this is important<https://urldefense.proofpoint.com/v2/url?u=https-3A__aka.ms_LearnAboutSenderIdentification&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYIkY08CzRlyl3eLu-DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-&s=6vCheu6zi6YXFAA_Xj-cNCAf_lAvHsJQzRqfi_wKOP4&e=>
Hans,

We are in the process of restoring our prior production to our platform. This will take a few days. The DOJ and FTC requests are not the same so we still need to review the materials to segregate the responsive materials for question 2. We are hopeful that we can complete this by the end of next week, but will only be able to confirm that after we restore the documents to the platform and review for the targeted search terms.

Also, it takes one or two days to organize and produce from our platform back to our vendor so the process is not seamless. We need to build that into the schedule as well.

The requests or 1, 3 and 4 were not part of the DOJ production, so we will need some more time to complete a thorough search for these materials. I think it best that we have a follow up call September 30th so we can report on our progress and further discuss our rolling production.

My colleague Marco will folllow up next week to set a time while he works with our paralegal to restore the database.

Thank you.

Sally

Sent from my iPad

On Sep 19, 2026, at 12:33 AM, Clausen, Hans
<hclausen@ftc.gov<mailto:hclausen@ftc.gov>> wrote:

USE CAUTION: External Message.
Sally:

Thank you for speaking with us today about the FTC's above-referenced subpoena to Mt. Sinai for testimony and the production of documents, and how Mt. Sinai will comply. Subject to your agreement to the following rolling production schedule, we agree to amend the subpoena's return dates accordingly:

1. On or before Thursday, October 1, 2026, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 2 on Exhibit B of the subpoena ("(2) All Documents reflecting or constituting guidelines, policies, standards, and training manuals concerning Pediatric Medical Transition Services, including insurance reimbursement for Pediatric Medical Transition Services"). The FTC agrees to accept Mt. Sinai's prior production to the Department of Justice in response to Request No. 2.
2. On or before Monday, October 5, 2026, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 1 on Exhibit B of the subpoena ("(1) All Documents referring to WPATH or SOC-8, and either (a) provided to Pediatric Patients, or (b) reflecting communications with Pediatric Patients").
3. On or before Thursday, October 8, 2026, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 3 on Exhibit B of the subpoena ("(3) All Documents reflecting or constituting communications with WPATH, about WPATH, or about SOC-8, including trainings and seminars").
4. On or before Monday, October 12, 2026, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 5 on Exhibit B of the subpoena ("(5) Documents reflecting or constituting Complaints from any Pediatric Patient regarding Pediatric Medical Transition Services").
5. On or before Thursday, October 15, 2026, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 4 on Exhibit B of the subpoena ("(4) Notwithstanding the date of such Documents, Documents sufficient to show Your contribution, if any, to SOC-8's content").
6. On or before Thursday, October 22, 2026 by 5pm ET, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 6 on Exhibit B of the subpoena ("(6) All Documents used to prepare for Your testimony pursuant to this subpoena").
7. On Friday, October 23, 2026, at 8:30am, Mt. Sinai's corporate representative, likely Dr. Lisa Satton, will appear (subject to confirmation of her schedule) for testimony at the office of the Federal Trade Commission, 1 Bowling Green #318, New York, NY 10004.

We're happy to accept partial document productions for each numbered Request before the deadlines indicated above, and we're also willing to discuss further changes to this proposed schedule.

Thanks

Hans Clausen
Attorney | Federal Trade Commission | Bureau of Consumer Protection
404-656-1361 (Direct)
202-250-0763 (Work cell)

From: Strauss, Sally
[redacted]
Sent: Thursday, September 17, 2026 6:57 PM
To: Clausen, Hans <hclausen@ftc.gov<mailto:hclausen@ftc.gov>>
Cc: Wong, Marco
[redacted]
Subject: subpoena.

You don't often get email from
[redacted]. Learn why this is important<https://urldefense.proofpoint.com/v2/url?u=https-3A__aka.ms_LearnAboutSenderIdentification&d=DwMF-g&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYIkY08CzRlyI3eLu-DGpnFxnT_PTJXs&m=S6JPxGFgpIPXF5-1aXcp38j8IR19UwuA3Odq2LydAs8GRJfrRAwYjLckDQjTyowg&s=Wz_85q6cOHEzlKh-KQ4rBehPBuInRgXBI6dJl-hfP4Q&e=>
Hans,

I am in-house counsel at Mount Sinai and our office just received the FTC's subpoena to the Mount Sinai Hospitals Group. I am in the process of reviewing the scope of the subpoena as well as educating myself on the underlying issues in the litigation so we can best identify an appropriate 30(b)(6) witness for the Hospitals Group and determine a reasonable plan to provide responsive documents. I appreciate your invitation to first discuss the scope and return date of the subpoena, particularly since at first glance some of the requests seem fairly broad in nature and implicate patient records.

Unfortunately, I am out of the office on a long planned cycling vacation overseas next week and really unavailable. I return Tuesday September 29th. Can we find some time to speak in the afternoon either September 30th or October 1.

Thank you for your consideration.

Sally Strauss

<image001.jpg>

Sally Strauss
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, [redacted]
New York, NY 10017
[redacted]

---

Confidentiality Notice: This electronic mail transmission and any documents, files, or previous email messages attached to it may contain confidential information and are intended solely for the use of the individual or entity to which they are addressed. If you are not the intended recipient, or a person responsible for delivering such information to the intended recipient, you are hereby notified that any further review, disclosure, copying, dissemination, distribution, or use of any of the information contained in or attached to this email transmission is strictly prohibited. If you have received this message in error, please notify the sender immediately by email, discard any paper copies, and delete all electronic files of the message. Thank you for your cooperation.