**Office of the New York State Attorney General**

**Letitia James**
**Attorney General**

November 16, 2026

Honorable Katherine Polk Failla
United States District Court for the
Southern District of New York
40 Foley Square, Courtroom 618
New York, New York 10007

*via ECF*

Re: *Federal Trade Commission v. Mount Sinai Hospitals Group, Inc.*, No. 26-mc-00532

Dear Judge Failla:

We represent the Office of the Attorney General for the State of New York (OAG) in connection with the above-captioned case. As part of your Honor's Order dated October 27, 2026, the Court invited OAG to submit a brief on or before November 30, 2026, and set a hearing for December 2, 2026, at 3:30pm. *See* Dkt. 6 at 9. Consistent with Local Rule 7.1 and the Court's Individual Rule 2.C.i., OAG respectfully requests a 30-day extension, its first request for an extension in this matter, for both the brief deadline and hearing date for all parties.

As the Court is aware, this action concerns the Federal Trade Commission's (FTC) Motion to Compel Mount Sinai Hospitals Group, Inc. ("Mount Sinai"), to respond to a third-party subpoena ("Subpoena") issued in connection with *FTC v. World Professional Association for Transgender Health Inc. (WPATH)*, No. 26-cv-748 (N.D. Tex.) ("*WPATH* Litigation"). *See* Dkt. 1 at 2. On November 10, 2026, OAG received a letter from Mount Sinai, outlining Mount Sinai's anticipated production in response to the Subpoena. *See* Exhibit A (the "Letter"). The Letter requested that OAG confirm in writing that OAG does not intend to take enforcement action against Mount Sinai notwithstanding that Mount Sinai has been unable to satisfy certain requirements under N.Y. Gen. Bus. L. § 394-i, a provision of New York's Shield Law ("Shield Law").

Further, after the FTC filed its Motion, it served two additional, and substantially similar, third-party subpoenas on New York hospitals that, like Mount Sinai, have provided transgender healthcare: NYU Langone Hospitals, *see* Exhibit B, and the University of Rochester Medicine Golisano Children's Hospital, *see* Exhibit C.

An extension would allow OAG to properly review both Mount Sinai's Letter and potential implications of the FTC's additional subpoenas on enforcement of the Shield Law. While Mount Sinai consents to this extension, the FTC does not, citing "delay" and stating that "[g]ranting state authorities case-by-case extensions to determine whether to enforce an invalid law simply

increases the injury caused by the preempted state law and the interference with federal law." Exhibit D. However, the FTC does not explain how a 30-day extension will impact its ability to timely complete discovery by July 16, 2027, the jointly proposed discovery deadline in the *WPATH* Litigation. *FTC v. WPATH*, No. 26-cv-748, Dkt. 86 at 9. Furthermore, a nonenforcement decision by OAG with respect to the Subpoena could moot the Motion and result in the FTC receiving the discovery at issue sooner than it would through litigating the Motion.

We thank the Court for its attention to this matter.

Sincerely,

Caitlin Ross
(212) 416-8574
kate.ross@ag.ny.gov