# Exhibit A

Mount Sinai

Mount Sinai Health System
150 East 42nd Street, Second Floor
New York, NY 10017

November 10, 2026

**BY EMAIL**

Darsana Srinivasan
Office of the New York State Attorney General
Darsana@ag.ny.gov

**Re: Request for No-Action Assurance – *FTC et al. v. World Professional Association for Transgender Health, Inc. et al.*, No. 4:26-cv-00748-O (N.D. Tex.)**

Dear Ms. Srinivasan:

We write on behalf of Mount Sinai Health System ("Mount Sinai") regarding the Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") issued to Mount Sinai in the above-captioned matter. On September 29, 2026, Mount Sinai provided the Office of the New York State Attorney General ("OAG"), through the OAG's designated website, with a copy of the Subpoena, thereby providing notice pursuant to New York General Business Law § 394-i (the "NYS Shield Law"). Mount Sinai is aware of the Court's October 27, 2026 Order, in *Federal Trade Commission v. Mount Sinai Hospitals Group, Inc.*, No. 1:26-mc-00532-KPF (S.D.N.Y.) (ECF 6), concerning the Subpoena and intends to comply with the obligations imposed by that Order. By this letter, Mount Sinai respectfully requests written confirmation that the OAG does not intend to take enforcement action against Mount Sinai with respect to the responsive production described below.

The NYS Shield Law provides, among other things, that a person or entity located, headquartered, or incorporated in New York that receives or is subject to an inquiry, investigation, subpoena, or summons seeking information regarding legally protected health activity shall not provide information in response unless the request contains or is accompanied by an affirmation under penalty of perjury attesting either that (i) the request is not related to, and information obtained will not be used in, a proceeding seeking to impose civil or criminal liability, professional sanctions, or other legal consequences for legally protected health activity; or (ii) the request relates to such a proceeding but falls within an exception provided by CPLR § 3119(g)(1), identifying the applicable exception. Mount Sinai has requested, but has not been able to obtain, such an affirmation from the party that issued the Subpoena.

Subject to obtaining the confirmation from the OAG requested herein, Mount Sinai intends to make a responsive but otherwise limited production to the Federal Trade Commission (the "FTC") consisting of guidelines, policies, standards, and training materials concerning the provision of gender-affirming care to minor patients, which have previously been produced to the Department of Justice. This production consists of insurance company policies regarding reimbursement for such services; internal Mount Sinai policies concerning such services; and

academic research articles and presentations, as well as governmental guidance, related to such services. Mount Sinai does not intend to produce individually identifiable patient records in this or a future production, and to the extent any patient information is implicated in this or a future production Mount Sinai will redact that information prior to production. In particular, Mount Sinai has completed its review of patient complaints regarding the provision of gender-affirming care to minor patients, as was requested in the Subpoena, and has identified no responsive materials to be produced. Mount Sinai has also requested and is coordinating with the FTC to obtain a protective order governing any production under the Subpoena, and Mount Sinai does not intend to produce documents until such a protective order is in place. To date, Mount Sinai has not made any production under the Subpoena to the FTC.

In addition to this production that involves materials previously provided to the Department of Justice, Mount Sinai also intends to produce responsive documents that involve Mount Sinai clinicians' communications with WPATH or about WPATH. Although we have not completed our review of potentially responsive documents, we have determined that these documents entail communications about the clinicians' attendance at the WPATH annual meetings and their proposed and final research presentations for the annual meeting. If, in the course of our review, we identify responsive documents that do not fall within the categories of production described in this request, we will describe the additional categories in a follow-up request to the OAG before producing such documents.

Further, Mount Sinai anticipates that it will provide deposition testimony in response to the Subpoena regarding any use by Mount Sinai of information published, promoted, or otherwise provided by WPATH; communications with WPATH; and insurance reimbursement for gender-affirming care for minor patients. If the scope of the deposition expands to include topics that are not described in this request, we will describe the additional expected topics in a follow-up request.

Consistent with the NYS Shield Law and the Court's October 27, 2026 Order, Mount Sinai has made reasonable attempts to inform potentially affected providers of the existence of this litigation. On October 1, 2026, Mount Sinai provided written notice to the providers whose documents are anticipated to be produced, advising them of the *FTC v. WPATH* litigation and the third-party subpoena served on Mount Sinai seeking documents concerning communications with WPATH and any reliance on WPATH standards for purposes of recommending transgender care for minors. Mount Sinai also instructed those providers to take immediate steps to preserve all paper and electronic records relevant to the matter. Mount Sinai emphasized that it is "of critical importance" that those providers preserve relevant records, and that non-compliance could result in "severe penalties." On October 30, 2026, Mount Sinai provided additional written notice to the aforementioned providers, identifying the case identifier, the Court's October 27, 2026 Order, and the timeline by which those providers may timely intervene.

In light of these circumstances, Mount Sinai respectfully requests that the OAG confirm that it **does not intend to take enforcement action against Mount Sinai based on the production described above, or any future production consistent with the commitments set forth herein and described in any follow-up request, notwithstanding that Mount Sinai has been unable to obtain the affirmation contemplated by the NYS Shield Law.**

Nothing in this letter is intended to waive any objection, privilege, protection, right, or remedy available to Mount Sinai or any other person with respect to the Subpoena or the underlying litigation, and Mount Sinai expressly reserves all such rights.

Thank you for your consideration. We would be pleased to discuss this request or provide any additional information that would assist the OAG in evaluating this request.

Respectfully,

**Sally Strauss**
Senior Associate General Counsel
Mount Sinai Health System

**Marco Wong**
Assistant General Counsel
Mount Sinai Health System