# Exhibit B

UNITED STATES OF AMERICA
Federal Trade Commission
WASHINGTON, D.C. 20580

Bureau of Consumer Protection

October 30, 2026

***VIA PRIVATE PROCESS SERVER***

NYU LANGONE HOSPITALS
OFFICE OF THE GENERAL COUNSEL
550 FIRST AVENUE - HCC 15
NEW YORK, NY 10016

RE: *FTC v. World Professional Association for Transgender Health, Inc.* No. 26-cv-748 (N.D. Tex.); Subpoena to NYU Langone Hospitals

To Whom It May Concern:

Please find enclosed a subpoena to NYU Langone Hospitals issued in the above-captioned matter. NYU Langone Hospitals is not a target of an FTC investigation, and we have made every effort to keep this subpoena as narrow as the practicalities of the pending matter allow. Among other noteworthy features, the subpoena does not request the name or identifying information of any patient, any otherwise privileged doctor-patient communications, or any Protected Health Information, as defined in the attached schedule.

We would appreciate the opportunity to confer with you regarding this subpoena generally, including a potentially extended return date, and other accommodations we can make to facilitate your response. We are available to speak next week during the following dates and times:

- 11/3 at 10:30AM ET or 12PM ET;
- 11/4 at 10AM, 2:30PM, or 4PM ET;
- 11/5 from 11AM–4:30PM ET;
- 11/9 at 2PM or 4PM ET.

We look forward to hearing from you.

Very truly yours,

*/s/ Hans Clausen*
Hans Clausen
Attorney
Federal Trade Commission
Bureau of Consumer Protection
(404) 656-1361
hclausen@ftc.gov

Encl.

RECEIVED IN DEAN'S OFFICE
ON 11/3/26 AT 3:07 BY L Rossignolo WITH Ø FEE
PROCESS SERVER Raed Ibrahim

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

Federal Trade Commission et al.

*Plaintiff*

v.

World Professional Association for Transgender Health, Inc. et al.

*Defendant*

Civil Action No. 4:26-cv-00748-O

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: NYU Langone Hospitals, Office of General Counsel, 555 First Avenue - HCC 15, New York, NY 10016

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED SCHEDULE

| Place: 555 First Avenue - HCC 15, New York, NY 10016 | Date and Time: 11/13/2026 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/30/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Hans Clausen
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Federal Trade Commission, who issues or requests this subpoena, are:

Hans Clausen, 600 Pennsylvania Avenue NW, Washington, DC 20580; hclausen@ftc.gov; 202-250-0763 or 404-656-1361

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:26-cv-00748-O

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* NYU Langone Hospitals

on *(date)* ______________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________

______________ on *(date)* ______________ ; or

☐ I returned the subpoena unexecuted because: ______________

______________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________
*Server's signature*

______________
*Printed name and title*

______________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE TO SUBPOENA ISSUED TO NYU LANGONE HOSPITALS

Pursuant to Federal Rules of Civil Procedure 45, Plaintiff Federal Trade Commission incorporates this Schedule as part of its subpoena. The following limitations, specifications, definitions, and instructions apply.

## LIMITATIONS

(1) Notwithstanding anything else herein, no part of this subpoena seeks Protected Health Information. Plaintiffs do not seek to learn the identity of any patient your clinic treated. You should redact any information that would disclose the identity of any patient, or that would otherwise disclose any other Protected Health Information.

(2) Notwithstanding anything else herein, no part of this subpoena seeks information covered by the attorney-client privilege, work product doctrine, or doctor-patient privilege. You should not produce such material, nor does this subpoena require you to log it.

## SCHEDULE A—DOCUMENT REQUESTS

(1) All Documents referring to WPATH or SOC-8, and either (a) provided to Pediatric Patients, or (b) reflecting communications with Pediatric Patients.

(2) All Documents reflecting or constituting guidelines, policies, standards, and training manuals concerning Pediatric Medical Transition Services, including insurance reimbursement for Pediatric Medical Transition Services.

(3) All Documents reflecting or constituting communications with WPATH, about WPATH, or about SOC-8, including trainings and seminars.

(4) Notwithstanding the date of such Documents, Documents sufficient to show Your contribution, if any, to SOC-8's content.

(5) Documents reflecting or constituting Complaints from any Pediatric Patient regarding Pediatric Medical Transition Services.

## DEFINITIONS

A. "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification all information that otherwise might be construed to be outside the scope of the specification.

B. "**Any**" shall be construed to include "**all**," and "**all**" shall be construed to include the word "**any**."

C. "**Complaints**" means any expression of dissatisfaction, including both informal communications, regulatory inquiries, demand letters, and lawsuits.

D. "**Document**" shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline,

script, abstract, history, calendar, diary, agenda, minute, code book or label. "Document" also includes Electronically Stored Information.

E. **"Electronically Stored Information"** or **"ESI"** shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any information created, manipulated, communicated, stored, or utilized in digital form, requiring the use of computer hardware or software. This includes, but is not limited to, electronic mail, instant messaging (including WhatsApp), artificial intelligence or super intelligence inputs and outputs, chat services or other services that include chat features (such as Slack and Teams), videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media; and AI prompts, inputs, responses, outputs, conversation histories, and logs. "ESI" also includes such technical assistance or instructions as will enable us to convert ESI into a reasonably usable form.

F. **"Include"** and **"including"** mean "without limitation," or "including but not limited to," to avoid excluding any documents or information that might otherwise fall within the scope of any specification.

G. **"Referring To," "Relating To,"** or **"Related To"** shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, concerning, or pertaining to, in whole or in part.

H. **"Pediatric Patients"** means anyone seeking Pediatric Medical Transition Services from You who was under age 18 at any point during Your relationship with that person, as well as the parents or legal guardians any such person.

I. **"Pediatric Medical Transition Services"** means any medical intervention that purports to treat minors for distress or discomfort related to their sex traits or professed "gender," or feelings of "gender incongruence" or "gender dysphoria," including but not limited to pubertal suppression, hormone therapy, and surgery (e.g., subcutaneous mastectomy, vaginoplasty, metoidioplasty, facial feminization, and phalloplasty).

J. **"Protected Health Information"** means the same as defined in the Health Insurance Portability and Accountability Act ("HIPPA"), 45 CFR Parts 160, 162 & 164, at 45 CFR § 160.103. This includes individually identifiable health information such as (1) demographic data collected from an individual; (2) the past, present, or future physical or mental health or condition of an individual; (3) the provision of health care to an individual; (4) the past, present, or future payment for the provision of health care to an individual; or (5) that which provides a reasonable basis to believe the information could be used to identify the individual. Health data that has been de-identified according to HIPPA, 45 CFR § 164.514, is not included in this definition.

K. **"SOC-8"** means the 2022 publication entitled "Standards of Care for the Health of Transgender and Gender Diverse People, Version 8."

L. **"WPATH"** means the World Professional Association for Transgender Health, Inc.; the United States Professional Association for Transgender Health; and Veritas Association Management, Inc.

M. **"You"** and **"Your"** means NYU Langone Hospitals, its affiliates and subsidiaries, and the agents and representatives of any of the forgoing, including any clinicians employed by,

or compensated for work performed through, any of the foregoing.

## INSTRUCTIONS

A. **Scope of Search.** This subpoena covers documents and information in your possession or under your actual or constructive custody or control including, but not limited to, documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, partners, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person or entity.

B. **Time Period.** Unless otherwise specified, this subpoena covers Documents created on or after January 1, 2022.

C. **Document Production.** You shall produce the documentary material at the place of production identified. Alternatively, you may send all responsive documents to Federal Trade Commission, 600 Pennsylvania Ave., NW, Washington, DC 20580. Because postal delivery to the Commission is subject to delay due to heightened security precautions, please use a courier service such as Federal Express or UPS. Notice of your intended method of production shall be given by email or telephone to Investigator Jonathan Bugbee (JBugbee@ftc.gov)/(202)415-0840 at least five days prior to the return date. Please mark the exterior of all packages containing electronic media sent through the U.S. Postal Service or other delivery services as follows:

**MAGNETIC MEDIA – DO NOT X-RAY**
**MAY BE OPENED FOR POSTAL INSPECTION.**

D. **Documents Responsive to Multiple Specifications.** Documents responsive to more than one specification need not be submitted more than once; however, your response should indicate, for each document submitted, each specification to which the document is responsive. If any documents responsive to this subpoena have been previously supplied to the Commission, you may comply with this subpoena by identifying the document(s) previously provided and the submission date. Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such documents came. In addition, number by page (or file, for those documents produced in native electronic format) all documents you produce with a unique Bates identifier, and indicate the total number of documents in your production.

E. **Production of Copies.** Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of originals, provided that the originals are retained in their state at the time of receipt of this subpoena. Further, copies may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that producing a copy waives any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or court; and provided further that you must retain the originals and produce them upon request.

F. **Documents With Responsive Portions.** A complete copy of each document should be submitted even if only a portion of the document is within the terms of the request. The document shall not be edited, cut, or expunged in any way and shall include all covering letters and memoranda, transmittal slips, appendices, tables or other attachments.

G. **Copies and Drafts.** Each request includes all copies of the responsive document

and, to the extent applicable, preliminary drafts or documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not the original or other copies thereof).

H. **Lost or Destroyed Documents.** If any document this subpoena covers was in your possession or actual or constructive custody or control and has been lost or destroyed, the document is to be identified in writing as follows: addressee, person who prepared or authored the document, date of preparation or transmittal, substance of the document and its subject matter, number of pages, attachments, or appendices, all persons to whom distributed, shown or explained, date of loss or destruction, and, if destroyed, the manner of destruction, the reason for destruction, the persons authorizing destruction, and the persons who destroyed the document.

I. **Objections.** If you object to any request, all documents covered by the request not subject to the objection still must be produced. Similarly, if an objection is made to production of a document, the portion of that document not subject to objection should be produced with the portion objected to redacted and clearly indicated as redacted. All objections to these requests or to any individual request must be raised in the initial response or are waived.

J. **Certification of Records of Regularly Conducted Activity**. Attached is a Certification of Records of Regularly Conducted Activity, which may reduce the need to subpoena you to testify to establish the admissibility of documents produced in response to this subpoena. Please execute this Certification and provide it with your response.

**CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY**
**Pursuant to 28 U.S.C. § 1746**

1. I, ____________________________, have personal knowledge of the facts set forth below and am competent to testify as follows:

2. I have authority to certify the authenticity of the records produced by _NYU Langone Hospitals_ (the "Organization") and attached hereto.

3. The documents produced and attached hereto by the Organization are originals or true copies of records of regularly conducted activity that:

   a) Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

   b) Were kept in the course of the regularly conducted activity of the Organization; and

   c) Were made by the regularly conducted activity as a regular practice of the Organization.

I certify under penalty of perjury that the foregoing is true and correct.

Date: ____________________________

____________________________
Signature

**Federal Trade Commission - Bureau of Consumer Protection**
**Production Requirements**
Revised January 2024

In producing information to the FTC, comply with the following requirements, unless the FTC agrees otherwise. If you have questions about these requirements, please contact FTC counsel.

## Production Format

1. **General Format**: Provide load-ready electronic productions with:

   a. A delimited data load file (.DAT) containing a line for every document, unique id number for every document (DocID), metadata fields, and native file links where applicable; and

   b. A document level text file, named for the DocID, containing the text of each produced document.

   Do not produce corresponding image renderings (e.g., TIFF or JPEG) for files in native format unless the FTC requests them. If the FTC requests corresponding image renderings, provide an Opticon image load file (.OPT) containing a line for every image file.

2. **Electronically Stored Information (ESI)**: Documents stored in electronic format in the ordinary course of business must be produced in the following format:

   a. For ESI other than the categories below, submit in native format with all metadata and either document level extracted text or Optical Character Recognition (OCR). Do not produce corresponding image renderings (e.g., TIFF or JPEG) for files in native format unless the FTC requests them. If the FTC requests corresponding image renderings, they should be converted to Group IV, 300 DPI, single-page TIFF (or color JPEG images when necessary to interpret the contents or render them intelligible.)

   b. For Microsoft Excel, Access, or PowerPoint files, submit in native format with extracted text and metadata. Data compilations in Excel spreadsheets or delimited text formats must contain all underlying data, formulas, and algorithms without redaction.

   c. For other spreadsheet, database, presentation, or multimedia formats; messaging applications and platforms (e.g., Microsoft Teams, Slack); or proprietary applications, discuss the production format with FTC counsel.

3. **Hard Copy Documents**: Documents stored in hard copy in the ordinary course of business must be scanned and submitted as either one multi-page pdf per document or as 300 DPI single page TIFFs (or color JPEGs when necessary to interpret the contents or render them intelligible), with corresponding document-level OCR text and logical document determination in an accompanying load file.

4. **Document Identification**: Provide a unique DocID for each hard copy or electronic document, consisting of a prefix and a consistent number of numerals using leading zeros. Do not use a space to separate the prefix from numbers.

5. **Attachments:** Preserve the parent/child relationship by producing attachments as separate documents, numbering them consecutively to the parent email, and including a reference to all attachments.

6. **Metadata Production:** For each document submitted electronically, include the standard metadata fields listed below in a standard delimited data load file. The first line of the data load file shall include the field names. Submit date and time data in separate fields. Use these standard Concordance delimiters in delimited data load files:

| Description | Symbol | ASCII Character |
|---|---|---|
| Field Separator | ¶ | 20 |
| Quote Character | þ | 254 |
| Multi Entry delimiter | ® | 174 |
| <Return> Value in data | ~ | 126 |

7. **De-duplication:** Do not use de-duplication or email threading software without FTC approval.

8. **Password-Protected Files:** Remove passwords prior to production. If password removal is not possible, provide the original and production filenames and the passwords, under separate cover.

## Producing Data to the FTC

1. Prior to production, scan all data and media for viruses and confirm they are virus-free.

2. For productions smaller than 50 GB, submit data electronically using the FTC's secure file transfer protocol. Contact FTC counsel for instructions. **The FTC cannot accept files via Dropbox, Google Drive, OneDrive, or other third-party file transfer sites.**

3. If you submit data using physical media:

   a. Use only CDs, DVDs, flash drives, or hard drives. Format the media for use with Windows;

   b. Use data encryption to protect any Sensitive Personally Identifiable Information or Sensitive Health Information (as defined in the instructions), and provide passwords in advance of delivery, under separate cover; and

   c. Use a courier service (e.g., Federal Express, UPS) because heightened security measures delay postal delivery.

4. Provide a transmittal letter with each production that includes:

   a. Production volume name (e.g., Volume 1) and date of production;

   b. Numeric DocID range of all documents in the production, and any gaps in the DocID range; and

   c. List of custodians and the DocID range for each custodian.

Standard Metadata Fields

| DAT FILE FIELDS | DEFINITIONS | POPULATE FIELD FOR: |
|---|---|---|
| DocID | Unique ID number for each document | All Documents |
| FamilyID | Unique ID for all documents in a family including parent and all child documents | All Documents |
| ParentID | Document ID of the parent document. This field will only be populated on child items | All Documents |
| File Path | Path to produced native file | All Documents |
| TextPath | Path to document level text or OCR file | All Documents |
| Custodian | Name of the record owner/holder | All Documents |
| AllCustodians | Names of all custodians that had copy of this record (populate if data was deduplicated or email threading was used) | All Documents |
| Source | Source of documents: CID, Subpoena, Third Party Data, etc. | All Documents |
| Filename | Original file name | All Documents |
| File Size | Size of documents | All Documents |
| File Extensions | Extension of file type | All Documents |
| MD5 Hash | Unique identifier for electronic data used in de-duplication | All Documents |
| PRODUCTION_VOLUME | Production Volume | All Documents |
| HASREDACTIONS | Redacted document | All Documents |
| Exception Reason | Reason for exception encountered during processing (e.g., empty file, source file, password-protected file, virus) | All Documents |
| PRODBEG | Beginning production bates number | Documents with Produced Images |
| PRODEND | Ending production bates number | Documents with Produced Images |
| PRODBEG_ATTACH | Beginning production family bates number | Documents with Produced Images |
| PRODEND_ATTACH | Ending production family bates number | Documents with Produced Images |
| Page Count | The number of pages the document contains | Documents with Produced Images |
| From | Names retrieved from the FROM field in a message | Emails |
| To | Names retrieved from the TO field in a message; the recipient(s) | Emails |
| CC | Names retrieved from the CC field in a message; the copied recipient(s) | Emails |
| BCC | Names retrieved from the BCC field in a message; the blind copied recipient(s) | Emails |
| EmailSubject | Email subject line | Emails |
| Date Sent | The date an email message was sent | Emails |
| Time Sent | The time an email message was sent | Emails |
| Date Received | The date an email message was received | Emails |
| Time Received | The time an email message was received | Emails |
| Author | File Author | Loose Native Files and Email Attachments |
| Title | File Title | Loose Native Files and Email Attachments |
| Subject | File Subject | Loose Native Files and Email Attachments |
| Date Created | Date a document was created by the file system | Loose Native Files and Email Attachments |
| Time Created | Time a document was created by the file system | Loose Native Files and Email Attachments |
| Date Modified | Last date a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Time Modified | Last time a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Date Printed | Last date a document was printed and recorded by the file system | Loose Native Files and Email Attachments |
| Time Printed | Last time a document was printed and recorded by the file system | Loose Native Files and Email Attachments |