United States of America
FEDERAL TRADE COMMISSION
600 PENNSYLVANIA AVE. NW, HQ-462
WASHINGTON, DC 20580

Bureau of Consumer Protection
Assistant Director

**R. Cooper Vaughan**
**RVaughan@ftc.gov**

November 16, 2026

**VIA ELECTRONIC CASE FILING (ECF)**

Hon. Katherine Polk Failla
United States District Judge for the
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** ***Federal Trade Commission v. Mount Sinai Hospitals Group, Inc.*****, No. 26-mc-00532**

Dear Judge Failla:

A federal subpoena was served on Mount Sinai compelling it to produce records on September 26, 2026. ECF No. 1-1 at 6. The FTC and Mount Sinai agreed to modify the production schedule to begin production on October 2 and complete production on November 9. *Id.* at 6–7. But the New York Attorney General's Office ("NYAG") asserted that state law prevented compliance with the federal subpoena, and so no production has occurred. *Id.* at 1–2. On October 27, this Court invited the NYAG to submit a brief on or before November 30, 2026, expressing the NYAG's view on "(i) whether Respondent's compliance with the subpoena would place Respondent in conflict with the New York Shield Law; and (ii) if there is a conflict, whether the Rules Enabling Act preempts any conflicting state law." ECF No. 6 at 9. On Thursday, November 12, the same day as the nationwide Outlook outage and while the FTC's lead counsel in this action was on paternity leave, the NYAG sought the FTC's consent for a 30-day extension on its briefing deadline. ECF No. 14-4 at 4. Two business days later, on Monday November 16 at 11:51 a.m., the NYAG informed the FTC for the first time that it planned to file its motion in approximately three hours and that it would represent that the FTC had failed to respond if the FTC did not respond before then. *Id.* at 3.

That same day (in fact, twelve minutes later), the FTC responded with initial concerns regarding the extension. *Id.* The FTC also apologized to the NYAG for any perceived delay in response on the part of the FTC, due in part to the fact that the FTC's lead counsel was out on paternity leave. And the FTC sought to confer regarding the motion. *Id.*

The NYAG refused. The NYAG then proceeded to file its letter motion requesting a continuance. ECF No. 14. This Court's rules required the NYAG to "state" in its letter motion the FTC's "reasons given . . . for refusing to consent." Individual Rule of Practice 2.C.i. A key reason for this rule is presumably to avoid the filing of responsive letters such as this one. However, rather than state the reasons given by the FTC, the NYAG stated only an excerpt of one of the reasons given. The FTC's full statement, which the FTC explicitly requested that the NYAG include in its letter motion, was as follows:

> The FTC understands the New York Attorney General's Office to be requesting an extension not to determine whether the challenged statute applies to the federal subpoena, but to determine whether the New York Attorney General's Office will exercise its prosecutorial discretion not to enforce the law in this individual case. Federal law supplies the timeline for productions under a Rule 45 subpoena, and the challenged state law interferes with federal law in this case, including by unlawfully extending that timeline. Granting state authorities case-by-case extensions to determine whether to enforce an invalid law simply increases the injury caused by the preempted state law and the interference with federal law. Given those concerns, and given the New York Attorney General's Office's refusal to confer regarding this request, the FTC opposes the motion.

ECF No. 14-4 at 1.

The NYAG's letter motion additionally faults the FTC for "not explain[ing] how a 30-day extension will impact its ability to timely complete discovery by July 16, 2027." ECF No. 14 at 2. But the NYAG never asked the FTC to provide such an explanation, and indeed refused the meeting in which the FTC could and would have done so. The answer is twofold. First, parties may use discovery responses to make important litigation decisions such as whether to amend their complaints or answers, or what experts to retain. Such responses also shape future discovery requests, depositions, and case strategy more generally. That a discovery production may arrive before the close of discovery does not mean that it arrives in time to be of use to the requesting party. Second, and more importantly, federal law sets the procedures for the orderly process of civil discovery in federal court. State officials are not permitted to interfere with those federal procedures. The NYAG's attempt to apply New York State law to a federal subpoena violates the Supremacy Clause of the United States Constitution, and any further delay will compound the injury to the FTC from that violation. The requested extension should be denied.

Very truly yours,

R. Cooper Vaughan
Assistant Director
Bureau of Consumer Protection
Admitted *Pro Hac Vice*
RVaughan@ftc.gov